IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Marilix Villanueva Pérez; Luis Angel Román Peña; and The Conjugal Partnership constituted between them,<br><br>Plaintiffs,<br><br>v.<br><br>Caribbean Electrophysiology Services Inc., et al.,<br><br>Defendants. | **Civil No. 24-1531 (GMM)** |

**MEMORANDUM AND ORDER**

Pending before the Court is *Plaintiffs' Motion to Compel Depositions of Codefendants Dr. Helder Hernández and Dr. Jennifer Vargas Santos* ("Motion to Compel Depositions"). (Docket No. 84). For the reasons stated below, the Motion to Compel Depositions is **DENIED**.

**I. RELEVANT FACTUAL AND PROCEDURAL HISTORY**

This is a medical malpractice case. On November 13, 2024, Plaintiffs, Marilix Villanueva Pérez ("Mrs. Villanueva") and Luis Angel Román Peña, and the conjugal partnership constituted between them (collectively "Plaintiffs"), filed a *Complaint* against Caribbean Electrophysiology Services Inc.[1], Dr. Helder Hernández-

---

[1] On February 21, 2025, Partial Judgment dismissing the *Complaint* without prejudice was entered as to this defendant.

Rivera ("Dr. Hernández") and Dr. Jennifer Vargas-Santos ("Dr. Vargas") (collectively "Defendants"). (Docket No. 1). Therein, pursuant to diversity jurisdiction, Plaintiffs sue Defendants for medical malpractice under the Puerto Rico Civil Code. In sum, Mrs. Villanueva, Mrs. Maribel Pérez-Santiago's ("Mrs. Pérez") daughter, alleges that Dr. Hernández and Dr. Vargas are liable as their acts and/or omissions in this case regarding the care of Mrs. Pérez and were the proximate cause of her pulmonary embolus, deep vein thrombosis ("DVT"), and ultimate death. (Id. at 5-6).

On January 27, the Defendants answered the *Complaint*. (Docket Nos. 13, 14, 15). On February 4, 2025, the Court ordered the parties to file a joint proposed case management order. (Docket No. 16). On February 14, 2025, Plaintiffs filed *Plaintiffs' Motion for Court Intervention Regarding Discovery Dispute* questioning, for the first time, the timing and sequence of expert disclosures and the timing and sequence of the depositions. (Docket No. 19). Due to the ongoing dispute regarding discovery plan and the parties' inability to file a joint proposed case management order, as previously required, on February 20, 2025, the Court issued its *Case Management Order*. (Docket No. 22). Thereafter, on February 26, 2025, Plaintiffs filed a *Motion to Amend or Clarify Case Management Order*, again, questioning the Court's *Case Management Order* as to expert witness summaries and requesting the Court determine that Plaintiffs are entitled to take party and fact

Civil No. 24-cv-1531 (GMM)
Page – 3 –

depositions prior to rendering their expert report. (Docket No. 27). On February 26, 2025, the Court denied Plaintiff's request and ordered the following: "[T]he Court will not micromanage the discovery in this case and as ordered in the CMO, the depositions shall be scheduled by the Parties at their convenience and in accordance with the discovery deadlines imposed by the Court." (Docket No. 29).

On July 1, 2025, the Court granted *Plaintiff's Motion for Extension of Time to File Expert Report* and extended Plaintiff's deadline to submit expert reports until August 11, 2025 (Docket No. 32). On that same date, upon reconsideration requested by Defendants, the Court issued the following order:

> Plaintiff informed at Docket No. 31 that expert witness disclosures were complied with on June 27, 2025, in their responses to written discovery. Notwithstanding, Plaintiff shall fully comply with disclosures as required by Fed. R. Civ. P. 26(a)(2) and inform the Court of such compliance on or before July 18, 2025. All Defendants shall comply with Fed. R. Civ. P. 26(a)(2) disclosures by September 11, 2025 and all defendants' expert reports are due by October 11, 2025. Rebuttal reports are now due by November 11, 2025. Parties shall not condition production of expert reports pending the taking of depositions. To this extent, the Court reiterates its previous order and warns that it will not micromanage the discovery in this case and as ordered in the Case Management Order, the depositions shall be scheduled by the Parties at their convenience and in accordance with the discovery deadlines imposed by the Court. Discovery is set to conclude by November 28, 2025 and will not be extended without the showing of good cause. The Court expects parties to fully comply with these discovery deadlines as to avoid unnecessary delays and the imposition of sanctions.

(Docket No. 36). (emphasis in the original).

On July 9, 2025, Plaintiffs filed a *Motion to Compel Compliance with Order (Docket 36)* and a *Motion Requesting Temporary Stay of Discovery*, again citing a dispute with the deposition calendar. (Docket Nos. 42, 44). The Court denied both requests as unwarranted for failure to comply with meet and confer requirements. (Docket No. 45). The parties complied with the Court's order and informed their proposed deposition schedule. (Docket Nos. 50, 58).

Thereafter, on September 2, 2025, Dr. Hernández and Dr. Vargas[2] filed a *Motion Requesting Order* and informed the Court that Plaintiffs did not fully comply with the disclosures of Rule 26(a)(2) as ordered by the Court. (Docket Nos. 59, 60). Again, there was a disagreement with Plaintiffs as to the preliminary expert report provided and the August 11, 2025 deadline had elapsed without Plaintiffs providing the expert report. Hence, Defendants requested the Court to dismiss the case with prejudice for Plaintiffs' continued noncompliance with discovery orders. (Docket No. 59 at 7).[3]

---

[2] The Court granted Dr. Vargas' request to join Dr. Hernández's motion. (Docket Nos. 59, 62).
[3] Defendants' requests at Docket Nos. 59 and 63 were rendered moot by the Court's *Amended Case Management Order*. *See* (Docket Nos. 70).

On September 8, 2025, Dr. Hernández[4] filed a *Motion Requesting to Exclude Expert for Continued Non Compliance with Court Orders* and requested the exclusion of Plaintiffs' expert witness for failure to comply with their Fed. R. Civ. P. 26(a)(2) disclosures. (Docket No. 63). On September 12, 2025, Dr. Hernández filed a *Motion Requesting Extension of Time And/Or Stay of Codefendants' Experts' Disclosures* and informed that Plaintiffs had still not produced the expert report as ordered. (Docket No. 66). Hence, Dr. Hernández requested a stay or extension of time regarding Defendants' deadline to disclose their expert reports.

As a result, on September 18, 2025, the Court amended the *Case Management Order* and extended the discovery deadline until December 28, 2025, as well as the deadline for both Plaintiffs and Defendants to disclose their expert reports by October 28, 2025. (Docket No. 70). The Court also emphasized that expert reports, reply reports, and supplements to expert reports must be disclosed no later than October 28, 2025, which is two months before the discovery cutoff date, to allow for meaningful discovery to take place with regards to those materials. In addition, the Court mandated that the parties provide all such reports within a reasonable period in advance of the corresponding expert's deposition. (Id.)

---

[4] The Court granted Dr. Vargas's request to join this motion. (Docket Nos. 67, 69).

Subsequently, on September 24, 2025, *Urgent Motion to Compel Already Scheduled Depositions of Co-Defendants Drs. Hernández and Vargas*. (Docket No. 71). Therein, Plaintiffs argued that to render a final report, their expert must first take the deposition of Dr. Hernández and Dr. Vargas. (Id. at 2-3). Plaintiffs also contended that considering this position, Defendants have refused to comply with the deposition calendar as they argue that Defendants depositions cannot be held until Plaintiffs disclose their final expert report. (Id. at 4-8). On September 30, 2025, Dr. Hernández filed a *Motion in Compliance with Order at Docket 72* and responded that the motion to compel should be denied and that the Court should order that Defendants' depositions be taken after service of all expert reports. (Docket No. 73).[5] According to Dr. Hernández, he is entitled to know before his deposition what are the bases of allegations of deviations of the standard of care. (Id. at 4). Furthermore, Dr. Hernández argues that since the Court issued its *Case Management Order* Plaintiffs have been constantly avoiding compliance with the order, specifically as to their expert report and that the request to compel depositions is just another effort to continue sidestepping the Court's orders. (Id. at 2-5). On September 30, 2025, Plaintiffs filed a *Reply to Motion in Compliance with Order at Docket 73* and argued that the *Amended*

---

[5] The Court granted Dr. Vargas's request to joint this motion. (Docket Nos. 74, 76).

*Case Management Order* controls, Dr. Hernández is already advised of the specific allegations of the deviations from the standard of care before him, and that the depositions of Dr. Hernández and Dr. Vargas shall proceed as scheduled. (Docket No. 75).

In the latest discovery dispute, on October 15, 2025, Plaintiff filed a renewed Motion to Compel Depositions. (Docket No. 84). Therein, Plaintiffs reiterate that they wish to continue with the deposition calendar and depose Defendants during the month of November. (Id. at 3). Particularly, Plaintiffs insist that to be able to comply with new October 28, 2025 deadline established in the *Amended Case Management Order* as expert reports, they must first depose Defendants. They argue "[i]n order to comply with said deadline, it is imperative that Plaintiffs be allowed to depose Defendants - the very physicians who treated the deceased patient and who are, themselves, the alleged tortfeasors - before rendering their final expert report." (Id. at 3) (emphasis omitted). "[T]hey are the principal source of factual evidence concerning the clinical decision-making, intra-procedural conduct, and postoperative management at issue." (Id.). Plaintiffs posit that "[t]he expert's ability to evaluate whether Defendants' actions conformed to, or departed from, the applicable standard of care necessarily depends on understanding the physicians' explanations, rationales, and recollections under oath." (Id. at 4). Further, that "[t]o require Plaintiffs' expert to issue a

final, conclusive report without the benefit of that testimony would effectively compel him to opine in a factual vacuum." (Id.). In the alternative, Plaintiffs request another extension of time to render their expert report after the deposition of Defendants. (Id. at 6).

Currently, Defendants have not responded to Plaintiffs' Motion to Compel Depositions. Notwithstanding, and considering the urgent need to promptly address this matter due to the current deadlines, the Court will consider the Defendants position on this same issue as present in Plaintiffs' previous motion.

## II. APPLICABLE LAW AND ANALYSIS

A. Relevant Legal Standards for Discovery

"District courts have broad discretion in pretrial management matters," including in discovery matters. Curet-Velázquez v. ACEMLA de Puerto Rico, Inc., 656 F.3d 47, 54 (1st Cir. 2011); *see also* Neth. Ins. Co. v. HP, Inc., No. 18-CV-12136-DLC, 2022 WL 18027562, at *2 (D. Mass. Dec. 30, 2022); Faigin v. Kelly, 184 F.3d 67, 84 (1st Cir. 1999) ("A district court's case-management powers apply with particular force to the regulation of discovery and the reconciliation of discovery disputes."). To that extent, "district courts must be afforded wide latitude in the management of discovery." Danny B. ex rel. Elliott v. Raimondo, 784 F.3d 825, 834 (1st Cir. 2015).

Federal Rule of Civil Procedure 26(b)(1) permits a party to obtain discovery that is "'relevant to any party's claim or defense.'" Gardner v. Cape Cod Healthcare, Inc., 344 F.R.D. 127, 132 (D. Mass. 2023) (*quoting* Fed. R. Civ. P. 26(b)(1)). As discovery "'is designed to help define and clarify the issues,' the limits set forth in Rule 26 must be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" Martin v. Evans, No. 16-cv-11362-PBS, 2018 WL 10247394, at *1 (D. Mass. Feb. 6, 2018) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

B.  Motions to Compel Discovery

Local Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1) require that, before filing a motion to compel, the moving party must certify that it "has made a reasonable and good-faith effort to [try and solve the discovery dispute] with opposing counsel" without the court's intervention. D.P.R. Civ. R. 26(b); *see* Fed. R. Civ. P. 37(a)(1); Brenford Env'tl. Sys. L.P. v. Pipeliners of P.R., 269 F.R.D. 143, 147 (D.P.R. 2010). "An attempt to confer will not suffice." D.P.R. Civ. R. 26(b); Vázquez–Fernández v. Cambridge Coll., Inc., 269 F.R.D. 150, 163 (D.P.R. 2010). Local Rule 26(b) makes it clear that unresolved discovery disputes are to be presented to the court only "[a]fter efforts to resolve the dispute have been exhausted." D.P.R. Civ. R. 26(b).

As an initial matter, Plaintiffs' renewed Motion to Compel Depositions is procedurally defective. Plaintiffs have complied with the Local Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1). However, Plaintiffs do not purport to bring this request pursuant to Federal Civil Rules of Procedure 30(a) and 37(a) and fail to cite any rule in support. Regardless, Rule 30(a) requires that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(a). So far as appears from the parties' submissions, Plaintiffs have not complied with Rule 30(a), as the Court cannot locate said reasonable written deposition notice.

Further, Rule 37(a), which governs motions for orders compelling discovery, applies to failures to make disclosures or to cooperate in discovery. Where an individual has not been served with a deposition notice, as appears to be the case here, there is no basis for a court to find that the individual failed to cooperate in discovery. *See* Fed. R. Civ. P. 37.

Notwithstanding, in the merits, both parties' positions are devoid of any legal authority supporting the proposition that a party is entitled to a final expert report before submitting to deposition or on the other hand that a defendant must be deposed prior to submitting and expert report. Nonetheless, Rules 26(b)(2) and 26(c)(1-3) give the Court ample authority to resolve issues regarding the sequence and timing of deposition discovery. *See*

Crawford-El v. Britton, 523 U.S. 574, 598 (1998). Yet, the sequence and timing of discovery are set forth by Rule 26(d) which provides: "Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience, and in the interests of justice: methods of discovery may be used in any sequence; and discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d). This is not to say that there is anything wrong with good counsel attempting to take discovery in a sequence that affords them a tactical advantage. What they may not do, as Plaintiffs attempt to do here, is ignore the Federal Rules of Civil Procedure, Local Rules, and discovery guidelines set by this Court to accomplish their goal.

The answer to the question of whether a medical malpractice defendant should be deposed before the plaintiff and his expert witness, or vice versa, depends on the circumstances of each case. *See* Keller v. Edwards, 206 F.R.D. 412, 416 (D. Md. 2002). Factors that influence the decision include: (a) the specificity of the allegations of negligence in the pleadings; (b) the complexity of the claim; (c) the number of defendants sued, and how clearly it may be determined what each allegedly did that was negligent; (d) whether informal or informal discovery already has taken place that informs the defendant of the factual basis for the claims; (e) the presence or absence of articulable prejudice to either the plaintiff or the defendant by delaying the deposition of the

defendant until after the plaintiff and her standard of care expert have been deposed; and (f) the plaintiff's need to obtain sufficient information from the defendant to enable plaintiff's expert witness to prepare complete Rule 26(a)(2)(B) disclosures. Id. It is the obligation of counsel when filing a motion to compel the defendant's deposition, to bring to the Court's attention relevant facts to address these factors. Id.

In this case, the Court is before a run of the mill malpractice *Complaint*, with no apparent underlying complexity. Plaintiffs have sufficiently made allegations in their *Complaint* against Dr. Hernández and Dr. Vargas. However, they make joint allegations against both Defendants, so it cannot be clearly determined what each allegedly did that was negligent. Furthermore, Plaintiffs allege that they need to first depose Defendants so that their expert witness can comply with the Court's deadline to submit their expert report by October 28, 2025. According to Plaintiffs, without the Defendants' testimony, the expert would have "to opine in a factual vacuum." (Docket No. 84 at 4). This is not necessarily accurate. Notably, Plaintiffs' *Complaint* was filed nearly a year ago, and at this stage, informal and formal discovery has taken place. At a minimum, the expert must have access to at least the patient's medical record. Notably, "malpractice claims require expert testimony to establish the applicable standard of care" and it is Plaintiffs' burden to prove

that standard of care was not met and that failure to meet standard of care caused harm. Sandoval v. Hosp. Oriente, Inc., 770 F. Supp. 3d 412, 419, 427 (D.P.R. 2025) (*citing* Rolón-Alvarado v. Mun. of San Juan, 1 F.3d 74, 78 (1st Cir. 1993)). This is to say, that the expert's ability to evaluate whether Defendants' actions conformed to, or departed from, the applicable standard of care does not and cannot necessarily fully depend on the Defendants' testimony. Moreover, nothing precludes Plaintiffs' expert from drafting a timely report and supplementing the report later, as outlined in Fed. R. Civ. P. 26(e) (stating a party must supplement Rule 26(a) disclosures if the information on their report or deposition is incomplete or incorrect). To this extent, Plaintiffs can comply with the Court's deadline and have access to the Defendants' expert report, which ultimately will provide the information they seek from the depositions.

In addition, Plaintiffs argue that they wish to depose the Defendants, who are treating physicians, as fact witnesses. Despite this, it is unclear at this stage if Plaintiffs will elicit testimony from them regarding standard of care, that walks a fine line with the likely testimony of an expert. To that extent, Federal Rule of Civil Procedure 26(b)(4)(A) states in relevant part: "(A) *Deposition of an Expert Who May Testify*. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires

a report from the expert, the deposition <u>may be conducted only</u> *after* the report is provided." (emphasis added). "Rule 26(b)(4)(A) specifies that all persons identified as experts who will give an opinion at trial may be deposed, while experts that must produce reports in accordance with Rule 26(a)(2)(B) (retained or specially employed experts) cannot be deposed until after the reports are produced." <u>Vigilant Ins. v. E. Greenwich Oil Co., Inc.</u>, 234 F.R.D. 20, 22-23 (D.R.I. 2006). These factors weigh heavily against allowing Plaintiffs to take Defendants' deposition before rendering their expert report on the established deadline.

Hence, at this stage Plaintiffs have not highlighted the presence of articulable prejudice to them in delaying the deposition of the defendant until all expert reports are submitted. Moreover, as the procedural history in this case reflects, this is not the first instance in which Plaintiffs have sought relief from the Court's deadline concerning the expert report. Precisely, due to Plaintiffs' noncompliance, the Court has been forced to extend the deadline to render expert reports for the benefit of all parties.

In general, "[t]he rules and the case law provide no sequence for discovery. Any party may choose any sequence it chooses in the absence of a specific prohibition." <u>Carman v. Bayer Corp.</u>, 2009 WL 1919049, at *2 (N.D. W.Va. July 1, 2009). However, again, "Rule 26 vests the trial judge with broad discretion to tailor discovery

narrowly and to dictate the sequence of discovery." Crawford-El, 523 U.S. at 598; *see also* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 595 n.13 (2007) ("Rule 26 confers broad discretion to control the combination of interrogatories, requests for admissions, production requests, and depositions permitted in a given case; the sequence in which such discovery devices may be deployed; and the limitations imposed upon them."). Under some circumstances, it is appropriate for a Court to exercise this discretion to allow one party to be deposed before other discovery takes place.

In this case, the Court has indicated in various occasions that it will not micromanage the discovery in this case and has repeatedly warned that "the depositions shall be scheduled by the Parties at their convenience and in accordance with the discovery deadlines imposed by the Court." (Docket Nos. 29, 36). However, due to the Parties' inability to agree on the deposition schedule and the impending expert report deadline, the Court will intervene to aid in this case moving forward.

Consequently, the Court once again amends the *Case Management Order* as follows: Conclusion of discovery: remains set for December 28, 2025; Deadline to submit expert reports by both Plaintiffs and Defendants: remains set for October 28, 2025. The Court emphasizes that expert reports, reply reports, and supplements to expert reports must be disclosed to the parties no later than October 28, 2025, which is two months before the discovery cutoff date.

Therefore, all depositions <u>must</u> be scheduled to take place after the expert reports have been submitted, that is, they must be scheduled to be held <u>between October 29, 2025 and December 28, 2025</u>. Rebuttal Reports are due by: January 9, 2025. <u>To file dispositive motions:</u> January 12, 2026; <u>To file oppositions to dispositive motions:</u> February 13, 2026. Failure to adhere to this *Amended Case Management Order* may result in sanctions, including dismissal.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Motion to Compel Depositions is **DENIED**.

IT IS SO ORDERED

In San Juan, Puerto Rico, October 21, 2025.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE
